```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

HARRY J. MILLER, Jr.,

                            Plaintiff,      **No. 6:14-cv-06331(MAT)**
                                                     **DECISION AND ORDER**
        -vs-

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                            Defendant.
_____

## I.   Introduction

Harry J. Miller, Jr. ("Plaintiff") brought this action against Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner") pursuant to Titles II and XVI of the Social Security Act. Plaintiff's attorney, Joy Blumkin, Esq. ("Counsel"), has filed a motion pursuant to 42 U.S.C. § 406(b) ("the Section 406(b) Motion") (Dkt #14) requesting attorney's fees in the sum of $9,638.00 in connection with her successful representation of Plaintiff.

## II.  Background

Plaintiff filed his application for Disability Insurance Benefits and Supplemental Security Income on April 17, 2011. On August 25, 2011, the application was denied. It was denied again on November 30, 2012, after an administrative hearing. Plaintiff appealed to this Court, which issued a Decision and Order dated August 17, 2015, reversing the Commissioner's decision denying

benefits and remanding the case for the calculation and payment of benefits.

Plaintiff and the Commissioner subsequently agreed to the payment of attorney's fees in the amount of $5,000 and costs in the amount of $400, pursuant to the Equal Access to Justice Act ("EAJA"). These fees were paid directly by the Commissioner and were not withheld from Plaintiff's retroactive benefits. Counsel has refunded the $400 in costs to Plaintiff.

The Commissioner has determined that Plaintiff is entitled to retroactive benefits in the amount of $38,553.00, out of which $9,638.00 has been withheld. The $9,638.00 represents 25 percent of Plaintiff's retroactive benefits. Counsel states if the fee requested in this motion ($9,638.00) is approved, she will refund to Plaintiff the $5,000 in attorney's fees previously received pursuant to the EAJA.

The Commissioner filed a response (Dkt #17) to Counsel's motion stating that she does not object to the award of fees or the amount of fees requested but asking that the Court conduct an independent reasonableness review, as required by law.

For the reasons discussed below, the Section 406(b) Motion is granted in its entirety.

**III. Applicable Legal Principles**

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant . . . who was

represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Supreme Court resolved the circuit-split as to the method to be used to calculate fees under Section 406(b) in favor of giving effect to contingent fee agreements between claimants and their attorneys. "Within the 25 percent boundary" set by Section 406(b), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807 (citation omitted). Furthermore, Section 406(b) "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. at 807 (footnotes omitted). Thus, it is the district court's responsibility to determine whether the requested fees are unreasonable, as required by the Social Security Act and the Supreme Court in Gisbrecht.

After ascertaining that a given contingent fee agreement is within the 25 percent statutory boundary, courts have considered the following factors in determining whether the resulting fee is reasonable:

> 1) whether the requested fee is out of line with the "character of the representation and the results the

representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

Joslyn v. Barnhart, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht, 535 U.S. at 808).

**IV. Discussion**

On September 11, 2015, Counsel and Plaintiff entered into an Attorney-Client Fee Agreement ("Agreement") which states "[t]hough the execution of this agreement in writing was inadvertently delayed, it describes the oral agreement and understanding which [Counsel] and [Plaintiff] had at the time that the District Court appeal in this matter was commenced." Agreement, ¶ 1. Pursuant to the Agreement, Counsel "agree[d] to represent [Plaintiff] on a contingency fee basis and will accept one quarter (25%) of all the retroactive . . . benefits paid to [Plaintiff] and [Plaintiff]'s family; subject to the approval of the federal court or the Social Security Administration." Agreement, ¶ 2.[1] Therefore, the contingent fee agreement at issue does not exceed the 25 percent boundary set by Section 406(b).

---

[1] Counsel indicates that, to date, the Commissioner has failed to process and pay benefits to Plaintiff's children. Although Counsel has requested that the Commissioner pay and process the children's award, she states that she will not seek payment of an additional fee out of that award.

With regard to the first factor, the Court finds that the requested fee is in line with the "character of the representation and the results the representation achieved." Counsel's briefing in this case was effective and achieved a reversal and remand for payment of benefits—the most successful result possible for Plaintiff. Thus, this factor weighs in favor of finding reasonableness.

With regard to the second factor, Counsel did not engage in dilatory litigation tactics or otherwise cause delay in the proceedings that might have inflated past due benefits and thus the potential fee award. The second factor thus also weighs in favor of finding reasonableness.

With regard to the "windfall" factor, the Supreme Court has not provided any clear guidance. See Gisbrecht, 535 U.S. at 809 (Scalia, J., dissenting opn.) ("The Court tells the judge to commence his analysis with the contingent-fee agreement, but then to adjust the figure that agreement produces on the basis of factors (most notably, the actual time spent multiplied by a reasonable hourly rate) that are, in a sense, the precise antithesis of the contingent-fee agreement. . . .") (citing id. at 808 (stating that the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement")). Here,

Counsel indicates that she spent 52.7 hours on Plaintiff's case, and that the rate she normally charges for non-contingent legal work is $275.00 per hour. Dkt #14-1, ¶ 17. Applying the traditional lodestar analysis (i.e., the number of hours reasonably expended times a reasonable hourly rate), Counsel's normal fee would be $14,267.00. However, Counsel is only requesting $9,638.00, which will be further reduced by the $5,000.00 in EAJA fees already received. Dividing the fee sought ($9,638.00) by the number of hours Counsel spent on the case (52.7) yields an hourly rate of $188.82, which is actually less than Counsel's normal rate. The fee requested is reasonable, and the Commissioner does not disagree.

**V.   Conclusion**

For the foregoing reasons, the Section 406(b) Motion (Dkt #14) is granted in its entirety. Counsel is awarded attorney's fees in the amount of $9,638.00, to be paid forthwith by the Commissioner. Within ten (10) days of Counsel's receipt of the attorney's fees awarded under Section 406(b), she shall remit $5,000.00, representing EAJA fees already received, to Plaintiff.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HON. MICHAEL A. TELESCA
United States District Judge

DATED:    Rochester, New York
          January 26, 2016